

**FILED**

APR 2 0 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Judgment in a Criminal Case
Sheet 1

# United States District Court
## Southern District of California

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br>**Vs**<br>Shastin Aline Chakmakian (01) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:08CR3102-W<br><br>Kristin Joseph Kraus, Federal Defenders Inc.<br>Defendant's Attorney |

**REGISTRATION NO.09263298**

THE DEFENDANT:
pleaded guilty to count one of the information.

Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses :

| Title & Section | Nature of Offense | Count Number |
|---|---|---|
| 21 USC 952,960;<br>18 USC 2 | Importation of Marijuana;<br>Aiding and Abetting | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Penalty Assessment $100.00, forthwith, through the office of the Clerk, U.S. District Court.

Fine waived.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence or mailing address until all fines, restitution costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

April 20, 2009
Date of Imposition of Sentence

HON. THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT:Shastin Aline Chakmakian
CASE NUMBER:08CR3102-W

Judgment - Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of two months.

The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends placement in the western region.

The defendant is ordered to surrender to the designated institution or United States Marshal by 12:00 noon on 6/5/09.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT:   Shastin Aline Chakmakian
CASE NUMBER:08CR3102-W

Judgment - Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
**For offenses committed on or after September 13, 1994:**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than eight drug tests per month during the term of supervision, unless otherwise ordered by the court .
___ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.
_X_ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
_X_ The defendant shall cooperate in the collection of DNA as directed by the probation officer pursuant to 18 USC 3583(d).
___ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.
___ The defendant shall participate in an approved program for domestic violence.
If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.
The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

### STANDARD CONDITIONS OF SUPERVISION

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.

2)  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

3)  The defendant shall answer, truthfully, all inquiries by the probation officer and follow the instructions of the probation officer.

4)  The defendant shall support his or her dependents and meet other family responsibilities.

5)  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.

9)  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements.

Judgment in a Criminal Case
Sheet 4 - Continued Supervised Release Conditions

DEFENDANT:Shastin Aline Chakmakian
CASE NUMBER:08CR3102-W

Judgment - Page 4 of 4

## SPECIAL CONDITIONS OF SUPERVISION

- The defendant shall submit to search of person, residence, office or vehicle, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

-The defendant shall report all vehicles owned, operated, or in which the defendant has an interest to the probation officer.

-The defendant shall not enter or reside in the Republic of Mexico without the permission of the probation officer.

- The defendant shall participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay. Drug testing requirements will not exceed submission of more than eight drug tests per month during the term of supervision, unless by order of the court.

-The defendant shall comply with the conditions of the Home Confinement Program, which includes electronic monitoring and may include Global Positioning Satellite (GPS), or other location verification methods, for a term not to exceed four months. The defendant shall pay the total cost of the program not to exceed $12.00 per day. The defendant shall provide proof of payment as directed by the probation officer.